**UNITED STATES of America,**
**Appellee,**

v.

**Gloria MOORE, Defendant–Appellant.**

**No. 04–3363–CR.**

United States Court of Appeals,
Second Circuit.

Feb. 24, 2005.

Michael Y. Scudder, Jr., Assistant United States Attorney for the Southern, District of New York (David N. Kelley, United States Attorney, on the brief, and Peter G. Neiman), New York, NY, for Appellee, of counsel.

David A. Lewis, Legal Aid Society, New York, NY, for Defendant–Appellant.

Present: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM,

District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is hereby **REMANDED** to the District Court for further proceedings consistent with this order.

Following a guilty plea, defendant Gloria Moore was convicted of one count of bank embezzlement, in violation of 18 U.S.C. § 1344. Prior to being sentenced, defendant moved for a downward departure and argued, *inter alia,* that her acceptance of responsibility was extraordinary. The court denied defendant's motion as a matter of law. Judge Kaplan explained, "For the benefit of the Court of Appeals, I am disposed to consider a downward departure if I have the authority to grant it, about which I am a[sic] skeptical, but maybe they won't be so skeptical." Defendant was accordingly sentenced to 5 months' imprisonment followed by five years' supervised release, and ordered to pay a $100 special assessment and restitution of $39,382. Defendant argues that the district court erroneously concluded that it did not have the authority in this case to depart downward for extraordinary acceptance of responsibility.

At oral argument, the government expressed the view that this case should be remanded in light of the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). We agree. Accordingly, we **REMAND** this case to the district court for further proceedings in conformity with *Crosby.*

We note that, in considering whether defendant exhibited an extraordinary degree of contrition, the district court may wish to consider whether the Employee Retirement Income Security Act (ERISA) would have precluded HSBC Bank, as defendant's former employer, or the court, as the enforcer of the restitution order, from accessing defendant's retirement funds.